IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**RICHARD HOWARD CLEMONS,**

      **Plaintiff,**

v.                                                   Civil Action No. 1:23-CV-70
                                                            (JUDGE KLEEH)

**COUNTY OF MONONGALIA,**

      **Defendant.**

## REPORT AND RECOMMENDATION, AFTER INITIAL SCREENING, RECOMMENDING THAT "PETITION FOR REMOVAL" [ECF NO. 1] BE DENIED, AND THAT THE MATTER BE REMANDED TO STATE COURT

On September 11, 2023, *pro se* Plaintiff Richard Howard Clemons ("Plaintiff") filed a pleading styled as a "Petition for Removal." [ECF No. 1]. Having screened Plaintiff's claims lodged therein in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Petition for Removal should be **DENIED** for failure to state a claim on which relief may be granted and that claims therein should be **DISMISSED**. The undersigned further **RECOMMENDS** that Plaintiff's related motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED** and that the matter be **REMANDED** to state court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Petition for Removal reflects Plaintiff's attempt to remove a state felony criminal proceeding from the Circuit Court of Monongalia County, West Virginia (which is located in the Northern District of West Virginia) to this Court. In the case caption on the first page of the Petition for Removal, Plaintiff references Case No. 23-F-213[1] in that state circuit court. Thus, while the

---

[1] This case style containing a capital "F" is well-known in the legal community as designating a felony matter in the state circuit courts of West Virginia, and the undersigned takes judicial notice of the same.

Petition for Removal may otherwise lack clarity, any reasonable reading of it leads to the conclusion that Plaintiff wishes to remove the state criminal proceeding to this Court.

The body of the Petition for Removal is a wide-ranging, handwritten narrative, ten pages in length. Plaintiff alleges certain forms of harassment by agents or instrumentalities of various governments. The specifics of the acts allegedly undertaken against him are not clear, although Plaintiff states that they have culminated in the state felony charge of attempted murder and his pre-trial detention on that charge. [ECF No. 1, at 3]. And while the factual and legal underpinnings for his seeking removal likewise are unclear, Plaintiff invokes certain federal statutes in support of the request to remove the state criminal matter to this Court. Specifically, he raises 28 U.S.C. §§ 1442(a)(1) and 1442(c)(3) as a basis for removal, and asserts that jurisdiction lies herein pursuant to 28 U.S.C. § 1455(a) and 28 U.S.C. § 1343(a).

Finally, in conjunction with his other filings, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On September 12, 2023, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered a Referral Order [ECF No. 3], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint

is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v.

3

Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint (or in this case, the Petition for Removal) is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Petition for Removal [ECF No. 1] contains **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Petition for Removal the necessary legal grounds entitling him to any relief.

As to whether the Court has jurisdiction here, Plaintiff seems to argue that there is jurisdiction only on the basis of federal question; Plaintiff does not appear to raise a diversity of citizenship argument. To that end, as to federal question jurisdiction, Plaintiff invokes federal statutory provisions, noted above, in support of his perceived grievances at attempt to litigate the matter in this Court. However, that is not enough, standing alone, for Plaintiff to establish jurisdiction here.

Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the

4

plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

The Petition for Removal contains a number of poorly-formed claims and arguments. As best as the undersigned can discern, Plaintiff wishes to litigate, in this Court, the pending state felony charge against him for attempted murder. And perhaps (in reading the Petition for Removal generously) additionally, Plaintiff seeks to have this Court cease the prosecution of that matter altogether. In any event, Plaintiff's attempt to remove this matter fails as a matter of law.

Of course, federal courts have original jurisdiction in matters of federal question. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And of course, certain kinds of claims first raised in a state court may be removed to federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Here, though, simply put, Plaintiff cannot remove a state criminal action to federal court to litigate it here. The removal statute, 28 U.S.C. § 1441, plainly provides for removal of civil actions, not criminal actions. This is for obvious reasons: those state matters involve state criminal law charges, not federal criminal law charges. With some very limited exceptions, this Court, being a court of limited jurisdiction, does not address state criminal law matters.

5

As to those very limited exceptions, Plaintiff's statutory citations to remove the state criminal matter are unavailing. He invokes 28 U.S.C. §§ 1442(a)(1) and 1442(a)(3). Simply put, this is a statutory scheme by which federal agencies or officers facing state criminal prosecution may seek to remove that matter to federal court. Such a party attempting to remove the state criminal case to federal court "must clearly show membership of highly specific class of individuals covered by 28 U.S.C. []§ 1442 (federal employee acting in course/scope of duty) . . .". South Carolina v. Montgomery, No. 4:17-cv-015550-RBH-KDW, 2017 WL 3530523 at *2 (D.S.C. July 27, 2017). In the instant matter, however, Plaintiff makes no plausible showing that he is such a federal officer or affiliate of a federal agency who may properly seek to invoke this statute. Thus, the attempt to remove the matter fails under this statute. Plaintiff fails to establish a plausible claim, and as such, fails to demonstrate that the Court has jurisdiction.

Similarly, Plaintiff is not aided by invoking 28 U.S.C. § 1455(a) and 28 U.S.C. § 1343(a). First, the mechanical process for removal of certain state criminal proceedings is set forth at 28 U.S.C. § 1455(a). However, as noted above, Plaintiff has no substantive basis to remove the criminal proceeding. As such, he has failed to meet the threshold requirement under that statute that he provide a "short and plain statement of the grounds for removal". Therefore, no further analysis of Plaintiff's attempted process of removal is warranted. And second, as for 28 U.S.C. § 1343(a), this is the statute setting forth a federal court's jurisdiction for civil rights matters often lodged under 42 U.S.C. § 1983 and related statutes. However, even a generous reading of the Petition for Removal does not reveal how 42 U.S.C. § 1983 would allow Plaintiff to avail himself of the federal courts in the context of his state felony attempted murder charge. Indeed, even after detailed review of the Petition for Removal, it is not clear how (or whether) Plaintiff would aim to proceed under any theory of relief arising under 42 U.S.C. § 1983.

Relatedly, Plaintiff seems to take exception to how the state criminal matters arose, perhaps as if to litigate federal civil claims in place of state criminal matters. However, if this is what Plaintiff attempts to achieve, it is not a permissible litigation tactic. No constitutional provision, statute, caselaw, or other authority at law allows for a defendant in a state criminal matter to lodge a federal civil claim (if that is what Plaintiff is attempting to do) in place of the state criminal matter and then, in so doing, dissolve that state criminal case. To find otherwise would upend basic constitutional principles of federalism. See generally Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (explaining "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances" and the need for "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways") (internal citation and quotations omitted).

In sum, the undersigned **FINDS** that Plaintiff fails to meet his burden of satisfying a basis for removal, in that he fails to establish that subject matter jurisdiction lies herein, given the substance of the matter raised. After all, federal "removal jurisdiction is strictly construed, and if . . . jurisdiction is doubtful, the federal court must remand." Councell v. Homer Laughlin China Co., 823 F.Supp.2d 370, 375 (N.D.W. Va. 2011) (citing Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994)). In failing to articulate a valid claim, Plaintiff fails to establish subject matter jurisdiction.

## IV. RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Petition for Removal [ECF No. 1] fails to state a claim upon which relief may be granted, and that the Court lacks

subject matter jurisdiction as a result. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Petition for Removal be **DENIED**, and that the claims asserted therein, filed in *forma pauperis* [ECF No. 1], be **DISMISSED** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**. Finally, the undersigned **RECOMMENDS** that the matter be **REMANDED** to state court for disposition of the criminal proceeding at issue.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to

the *pro se* Plaintiff by certified mail, return receipt requested.

    **DATED**: September 20, 2023.

_____<br>
MICHAEL JOHN ALOI<br>
UNITED STATES MAGISTRATE JUDGE