IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD H. CLEMONS,**

    **Plaintiff,**

  **v.**                                                                                    Civil Action No. 1:23-cv-70

**COUNTY OF MONONGALIA,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 5], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 13], DENYING PLAINTIFF'S PETITION FOR REMOVAL [ECF NO. 1], DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2], AND REMANDING THE ACTION TO STATE COURT**

**I.    BACKGROUND AND REPORT AND RECOMMENDATION**

On September 11, 2023, pro se Plaintiff Richard H. Clemons ("Plaintiff") (Defendant in state court) filed a *Removal of West Virginia State Case to the District Court of the United States for the Northern District of West Virginia* [ECF No. 1]. Pursuant to Title 28, U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and L.R. Civ. P. 7.02(c) and 72.01, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 3. On September 20, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiff's Petition for Removal [ECF No. 1]; that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied; and that the Court remand the action to state court. [ECF No. 3].

The R&R informed the parties that they had fourteen (14) days plus an additional three (3) days from the date of the filing of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." ECF No. 3. It further warned them that the "[f]ailure to timely file written objections...shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." ECF No. 3.

Clemons filed a *Motion for Extension of Time to File Objections to Report and Recommendation* on October 12, 2023 [ECF No. 10]. The Court granted Clemons's motion, requiring that objections to the R&R be made by October 26, 2023. ECF No. 11. Accordingly, on October 20, 2024, Clemons filed a *Motion to Supplement the Motion for Extension of Time with Attached Offer of Proof* [ECF No. 13], which the Court construes as Plaintiff's objections to the R&R.

## II. OBJECTIONS AND STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04, (N.D.W. Va. 2007)

2

(citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments

3

does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

## III. ANALYSIS

Here, Clemons does not object to any specific portion of the R&R. Rather, his general objections [ECF No. 13] largely repeat the arguments raised in his prior filings. Instead of lodging objections to the Magistrate Judge's specific findings, Clemons repeats his arguments that (1) he has maintained official contact with the supervisor of witness security Michael Hailey and (2) he has been a truthful and reliable source of information to the Federal Bureau of Investigations ("FBI"). ECF No. 13. However, he does not provide any legitimate basis for how these alleged relationships provide the basis for federal question jurisdiction and removal under 28 U.S.C. § 1442(a)(1) or 28 U.S.C. §1442(a)(3). Moreover, the Magistrate Judge previously addressed this element of Clemons's argument and properly concluded that he has made "no plausible showing that he is such a federal officer or affiliate of a federal agency who may properly seek to invoke this statute." ECF No. 5.

Clemons's objections to the R&R are general grievances and repeat conclusory allegations which do not merit a de novo review. Indeed, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Mario, 313

4

F.3d at 766; see also Fed. R. Civ. P. 72(b). The objections are unspecific and are unsupported by legal authority. Accordingly, the Court reviewed the R&R for clear error and found none. For those reasons, Clemons's objections [ECF No. 13] are **OVERRULED.**

## IV. CONCLUSION

For these reasons, the Court **ADOPTS** the R&R in its entirety [ECF No. 5] and **OVERRULES** Clemons's objections [ECF No. 13]. Clemons's motion to proceed *in forma pauperis* [ECF No. 2] is also **DENIED.** This action is **REMANDED** to state court for lack of jurisdiction and shall be **STRICKEN** from the Court's active docket. Any other pending motions in this action shall be **TERMINATED.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record; the Circuit Clerk of Monongalia County, West Virginia; and the pro se Plaintiff by certified mail, return receipt requested.

**DATED:** June 11, 2024

*/s/ Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

5